Shane PIERSON, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A05–2030.

Supreme Court of Minnesota.

June 8, 2006.

Shane Pierson, Bayport, MN, pro se appellant.

. Michael Hatch, Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Asst. Ramsey County Attorney, St. Paul, MN, for respondent State.

## O P I N I O N

MEYER, Justice.

Appellant Shane Pierson appeals the postconviction court's summary dismissal of his second petition for postconviction relief. Pierson claims that the postconviction court erred in summarily dismissing his petition because he was subject to multiple convictions for the same offense in violation of Minn.Stat. § 609.04, subd. 1 (2004), and therefore should have been sentenced on the less serious offense. We affirm.

On March 25, 1994, a Ramsey County jury found Pierson guilty of murder in the first degree, murder in the second degree, and aggravated robbery for his involvement in the robbery of Raymond Barnett and the murder of Dural Woods. Our opinion in *State v. Pierson*, 530 N.W.2d 784 (Minn.1995), provides a comprehensive statement of the facts. On direct appeal, Pierson raised the sole issue of whether the evidence presented at trial was sufficient to sustain his conviction of first-degree murder. *Id.* at 785. We affirmed. *Id.*

Pierson subsequently filed his first petition for postconviction relief, in which he made three claims: (1) newly discovered evidence entitled him to a new trial or an evidentiary hearing; (2) the district court improperly admitted *Spreigl* evidence; and (3) he was denied effective assistance of counsel. *Pierson v. State*, 637 N.W.2d 571, 576 (Minn.2002). The postconviction court denied relief, and we affirmed. *Id.* at 574.

Pierson then filed this, his second petition for postconviction relief, claiming that the jury was improperly instructed on both first- and second-degree murder and that, when the jury found him guilty of both, the district court improperly sentenced him on the first-degree murder charge. The postconviction court summarily dismissed his petition, and Pierson appealed. Here, Pierson claims that the postconviction court erred in summarily dismissing his petition because he was subject to multiple convictions for the same offense in violation of Minn.Stat. § 609.04, subd. 1, and therefore should have been sentenced on the less serious offense.

A defendant may seek postconviction relief "to vacate and set aside the judgment * * * or grant a new trial * * * or make other disposition as may be appropriate." Minn.Stat. § 590.01, subd. 1 (2004). A petitioner seeking postconviction relief has the burden of establishing "by a fair preponderance of the evidence" the facts alleged in the petition. Minn.Stat. § 590.04, subd. 3 (2004). A postconviction court must hold an evidentiary hearing unless the petition, files, and record conclusively show that the petitioner is not entitled to relief. *Id.*, subd. 1 (2004). We review a postconviction court's dismissal of a petitioner's claims for an abuse of discretion. *Scales v. State*, 620 N.W.2d 706, 707 (Minn.2001).

When a direct appeal has been taken by a convicted defendant, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). *Knaffla* also bars claims that should have been

known by the appellant at the time of direct appeal. *Koskela v. State,* 690 N.W.2d 133, 134 (Minn.2004). "There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review." *Taylor v. State,* 691 N.W.2d 78, 79 (Minn. 2005). The second exception may be applied if fairness requires and "'the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal.'" *Boitnott v. State,* 640 N.W.2d 626, 630 (Minn.2002) (quoting *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997)).

█ Pierson claims that he was improperly subject to multiple convictions for the same offense and therefore the district court erred in sentencing him on the more serious offense. We have previously barred a petitioner's claim that he was improperly sentenced based on the charging indictment because the claim was known or knowable at the time of direct appeal. *Powers v. State,* 695 N.W.2d 371, 374–75 (Minn.2005). Similarly, Pierson knew or should have known about this issue at the time of his direct appeal. Moreover, neither *Knaffla* exception is applicable to Pierson's claim.

█ Additionally, irrespective of *Knaffla,* Pierson's claim has no merit. Under Minn.Stat. § 609.04, subd. 1, a defendant "may be convicted of either the crime charged or an included offense, but not both." "We have long recognized that the 'conviction' prohibited by this statute is not a guilty verdict, but is rather a formal adjudication of guilt." *State v. Pflepsen,* 590 N.W.2d 759, 767 (Minn.1999). In other words, a conviction occurs only after the district court judge accepts, records, and adjudicates the jury's guilty verdict. *See State v. Lindsey,* 632 N.W.2d 652, 664 (Minn.2001).

Here, a jury found Pierson guilty of first-degree murder, second-degree murder, and aggravated robbery. However, contrary to Pierson's assertion, the district court convicted him of only the first-degree murder and aggravated robbery offenses. The district court did not formally adjudicate the jury's finding of guilt on the second-degree murder charge. Therefore, the district court did not violate Minn.Stat. § 609.04, subd. 1, when it convicted and sentenced Pierson on the first-degree murder charge rather than on the second-degree murder charge.

The postconviction court did not abuse its discretion when it summarily dismissed Pierson's petition, and, therefore, we affirm.

Affirmed.