*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A22-1720**

State of Minnesota,
Respondent,

vs.

Vin Khumpavong,
Appellant.

**Filed November 13, 2023
Affirmed in part, reversed in part, and remanded
Slieter, Judge**

Scott County District Court
File No. 70-CR-21-1176

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Gaïtas, Presiding Judge; Slieter, Judge; and Frisch, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

A jury found appellant guilty of two counts of second-degree criminal sexual conduct. In this direct appeal, appellant alleges two errors: (1) the district court abused its discretion by admitting a recording of the victim's forensic interview; and (2) the district

court erred by entering judgments of conviction for both counts. Because the victim's forensic interview was reasonably consistent with her trial testimony, the district court acted within its discretion by admitting the interview. We therefore affirm in part. But because the district court improperly entered judgments of conviction on both counts, we reverse in part and remand to the district court to correct the warrant of commitment.

**FACTS**

During a recorded forensic interview with a nurse at the Midwest Children's Resource Center (MCRC) in January 2021, A.S. (the victim) described being sexually abused by appellant Vin Khumpavong multiple times between her 12th and 14th birthdays. Respondent State of Minnesota later charged Khumpavong with multiple counts of criminal sexual conduct.

During trial in May 2022, the jury heard testimony from several witnesses, including the victim. Following the victim's testimony, the state sought to introduce the victim's forensic interview as a prior consistent statement. Khumpavong objected, contending that the interview was not consistent with the victim's trial testimony. After comparing the victim's trial testimony to the forensic interview, the district court admitted the recorded interview as a prior consistent statement.

The jury found Khumpavong guilty on two counts of second-degree criminal sexual conduct. The district court imposed a sentence on only one count, but the warrant of commitment indicates judgments of conviction for both counts.

Khumpavong appeals.

2

**DECISION**

**I.** **The district court acted within its discretion by admitting the victim's recorded forensic interview.**

Evidentiary rulings are within the sound discretion of the district court and "will not be reversed absent a clear abuse of discretion." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). "When the admissibility of evidence is challenged on appeal, [appellate courts] defer to the district court's exercise of discretion in the conduct of the trial, and [appellate courts] will not lightly overturn a district court's evidentiary ruling." *State v. MacLennan*, 702 N.W.2d 219, 235 (Minn. 2005).

The hearsay rule generally prohibits the admission of out-of-court statements as substantive evidence. Minn. R. Evid. 802.

A witness' prior out-of-court statement is not hearsay if the witness testifies at trial and:

> (1)     the witness is subject to cross-examination regarding the prior statement;
> (2)     the prior statement helps the trier of fact evaluate some aspect of the witness' credibility that was challenged during trial; and
> (3)     the prior statement is consistent with the trial testimony.

*See State v. Zulu*, 706 N.W.2d 919, 924 (Minn. App. 2005) (discussing Minn. R. Evid. 801(d)(1)(B)).

Khumpavong does not dispute that the victim's credibility had been challenged or that the statement bolstered her credibility. Instead, he argues that the victim's forensic interview was not consistent with her trial testimony.

After reviewing a transcript of the victim's forensic interview and comparing it to her trial testimony, the district court concluded the prior statement was "highly consistent with her trial testimony" and explained why:

> THE COURT: [I] did do an analysis of the MCRC videotape and transcript line-by-line, page-by-page, and I did find that it was, in fact, consistent with her trial testimony. Of course, it's not going to ever be verbatim or with exact detail. In her trial testimony, she indicated a number of different acts where the Defendant touched her breasts both over and under her clothing and at least one act where he puts his fingers inside her vagina. And at least one act where he pulled her on top of him so that his genitals, clothed, were touching her genitals, clothed. The MCRC video, the statement given [a] day or two after the report was highly consistent with her trial testimony. She did not, in the video, add instances of sexual abuse. She didn't talk about different locations. She didn't talk about other people being involved.

Khumpavong argues that the victim's statements were not consistent because her interview included facts that were not testified to at trial, such as whether the victim had a favorite restaurant or that she sometimes experiences flashbacks of the incidents. We are not persuaded.

During trial, the victim testified that Khumpavong "sexually assaulted" her. She described incidents when Khumpavong touched her breasts and her vagina, and she indicated that she was 13 or 14 years old when the abuse started. During the forensic interview, she described occasions when Khumpavong reached under her clothes to touch her "upper parts" with his hands and to touch the "bottom part" with his fingers. She testified that Khumpavong liked to sniff her back, and stated she was 12 or 13 when he started touching her.

4

The record supports the district court's characterization of the victim's statements during the forensic interview as "highly consistent" with her trial testimony. *See State v. Bakken*, 604 N.W.2d. 106, 109 (Minn. App. 2000), *rev. denied* (Minn. Feb. 24, 2000) (noting that trial testimony and prior statement need not be verbatim). *See also Zulu*, 706 N.W.2d at 924 (admission of a videotaped statement that is "reasonably consistent" with trial testimony is not a reversible error because the statements "need not be identical to be consistent").

The district court therefore acted within its discretion by admitting the victim's forensic interview as a prior consistent statement.

## II. The district court must amend Khumpavong's warrant of commitment to reflect only one conviction.

A criminal defendant "may be convicted of either the crime charged or an included offense, but not both." Minn. Stat. § 609.04, subd. 1 (2020). Khumpavong's warrant of commitment shows that the district court formally adjudicated a judgment of conviction for both offenses for which the jury found Khumpavong guilty.[1]

An offense is an included offense if it is "a crime necessarily proved if the crime charged were proved." Minn. Stat. § 609.04, subd. 1(4). An offense is an included offense if it is impossible to commit one offense without committing the other. *State v. Bertsch*,

---

[1] Contrary to the respondent's claim in its brief, a jury's guilty verdict does not result in a conviction. Rather, a conviction is the district court's formal adjudication of that guilt. *Pierson v. State*, 715 N.W.2d 923, 925 (Minn. 2006). A conviction occurs "after the district court accepts, records, and adjudicates the jury's guilty verdict." *Id.* An appellate court may "look to the official judgment of conviction [on the warrant of commitment] in the district court file as conclusive evidence of whether an offense has been formally adjudicated." *Spann v. State*, 740 N.W.2d 570, 573 (Minn. 2007) (quotation omitted).

5

707 N.W.2d 660, 664 (Minn. 2006). Whether an offense is a lesser-included offense of the charged offense is a legal question that appellate courts review *de novo*. *State v. Cox*, 820 N.W.2d 540, 552 (Minn. 2012). This determination requires the court to compare statutory elements of the crimes rather than the facts of a particular case. *Bertsch*, 707 N.W.2d at 664 (other citation omitted).

Khumpavong was found guilty of two counts of second-degree criminal sexual conduct in violation of Minn. Stat. § 609.343 (2020). The elements of these offenses overlap. Count 2 involves multiple acts of sexual abuse committed over a specific time frame. *Id.*, subd. 1(h)(iii). Count 3 involves a single act of sexual abuse, *id.*, subd. 1(g), which, as alleged here, occurred during the same time frame as count 2. Therefore, it would be impossible to commit count 2 without also committing count 3. Accordingly, the district court should not have entered conviction for count 3.

We reverse Khumpavong's conviction on count 3, leaving the jury's verdict intact and unadjudicated, and we remand to the district court to issue a corrected warrant of commitment vacating that conviction. *See State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984).

**Affirmed in part, reversed in part, and remanded.**