*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1650**

State of Minnesota,
Respondent,

vs.

Conrad Kegg,
Appellant.

**Filed September 22, 2014
Affirmed
Klaphake, Judge***

Mille Lacs County District Court
File No. 48-CR-11-1513

Lori Swanson, Attorney General, Michael T. Everson, Assistant Attorney General, St. Paul, Minnesota; and

Janice S. Jude, Mille Lacs County Attorney, Milaca, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Chutich, Judge; and

Klaphake, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Conrad Kegg maintains that he is entitled to a new trial because the district court erroneously excluded evidence. Because Kegg has not demonstrated that he was prejudiced as a result of the exclusion of evidence, we affirm.

## DECISION

A jury convicted Conrad Kegg of first-degree criminal sexual conduct. He argues that he is entitled to a new trial because the district court violated his constitutional right to present a complete defense by excluding some of his proffered evidence. We review the district court's evidentiary decisions for an abuse of discretion. *State v. Richardson*, 670 N.W.2d 267, 277 (Minn. 2003). If a defendant shows that the district court abused its discretion, we will reverse the conviction only if the error "substantially influence[d] the jury's decision." *Id.* If the error impinges on a constitutional right, however, we will reverse unless the error was harmless beyond a reasonable doubt, meaning that there exists no "reasonable possibility that the error complained of may have contributed to the conviction." *Id.* (quotation omitted). The defendant bears the burden of demonstrating prejudicial error on appeal. *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003).

Kegg maintains that the district court's alleged evidentiary errors violated his constitutional rights and we therefore should apply the heightened harmless-error standard. The state and federal constitutions afford a defendant a due-process right to a "meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528, 2532 (1984); *Richardson*, 670 N.W.2d at 277. This right

is not unlimited. The defendant must comply with evidentiary rules. *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 1049 (1973); *Richardson*, 670 N.W.2d at 277.

Kegg first contends that the district court abused its discretion by denying his request to cross-examine the victim, S.B., about her relationship with a man, A.G, who was in prison during the alleged sexual assault. Kegg argues that S.B. engaged in consensual intercourse with him and that her relationship with A.G. provided an explanation for why S.B. would fabricate a sexual-assault allegation. The district court prohibited the evidence as inappropriate prior-sexual-conduct evidence under Minnesota Rule of Evidence 412.

Rule 412 provides that prior sexual conduct of a sexual-assault victim with another person is admissible only for the purpose of "establish[ing] a common scheme or plan of similar sexual conduct under circumstances similar to the case at issue" and only when it is "relevant and material to the issue of consent." Minn. R. Evid. 412 (1)(A)(i). Kegg made no claim that S.B.'s prior and current relationship with A.G. had any bearing on whether she consented in this instance. The district court therefore did not abuse its discretion by prohibiting evidence of S.B.'s sexual conduct with another man.

Kegg argues that he was not attempting to elicit prior sexual conduct, just the fact S.B. was in a relationship. The state responds that S.B.'s relationship with A.G. was irrelevant to the issue of fabrication and consent. We agree. Evidence is relevant only if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Minn.

3

R. Evid. 401. There was no evidence that A.G. and S.B. were dating at the time of the alleged sexual assault or that A.G. was even aware of a relationship between Kegg and S.B., much less a sexual one. This evidence is irrelevant, and therefore inadmissible. We see no error in the district court's decision to prohibit the evidence.

Kegg next challenges the district court's decision to limit the evidence of his and S.B.'s sexual history to only those encounters where sexual intercourse occurred. Kegg sought to testify about consensual sexual contacts and other occasions of sexual intercourse that occurred with S.B. Rule 412 prohibits reference to prior sexual conduct between the victim and defendant where the probative value of the evidence is "substantially outweighed by its inflammatory or prejudicial nature." Minn. R. Evid. 412. The district court allowed testimony about intercourse but prohibited evidence of other sexual contact, finding it highly prejudicial. The court explained:

> The rape shield laws are set up so that prior activities of alleged victims, the very nature of—the existence of them can be inflammatory and prejudicial. The Court's ruling limits the scope that may be relevant because of the prejudicial nature of the original contact that Mr. Kegg purports of having with the alleged victim here back in April and May, . . . it is the *circumstances surrounding those incidences that are prejudicial* and the jury . . . need not hear those incidences.

(Emphasis added.) Kegg asserts that this was error because the instances of sexual contact were "part and parcel" of Kegg's relationship with S.B. and supported his contention that sexual intercourse was consensual. The state responds that the evidence "carried a risk of unfair prejudice."

4

Unlike the district court and the state, we fail to see the prejudicial nature of the additional evidence of sexual contact other than intercourse. To succeed on appeal, however, Kegg must show how the district court's alleged error entitles him to a new trial. *See State v. Post*, 512 N.W.2d 99, 102 (Minn. 1994). Applying even the heightened constitutional-error standard, Kegg has failed to show that there is a "reasonable possibility that the error complained of may have contributed to the conviction." *Richardson*, 670 N.W.2d at 277 (quotation omitted). We will affirm if we have no doubt that the jury would have reached the same verdict if the additional evidence had been admitted. *Post*, 512 N.W.2d at 102. The overwhelming evidence in this case demonstrates that any error was harmless beyond a reasonable doubt. At its core, this case depended on who the jury believed—Kegg or S.B. Kegg and S.B. gave conflicting stories; the jury believed S.B.'s version. The jury is the ultimate judge of credibility and we defer to its credibility determinations. *State v. Pendleton*, 706 N.W.2d 500, 512 (Minn. 2005).

Finally, Kegg argues that the district court erred by prohibiting him from presenting a rebuttal witness that was not on his witness list. Our rules of criminal procedure require that the defendant disclose all of his witnesses prior to trial. Minn. R. Crim. P. 9.02, subd. 1(1). When a defendant does not do so, the district court has discretion to impose an appropriate sanction. *State v. Patterson*, 587 N.W.2d 45, 50 (Minn. 1998). To determine a proper sanction, the district court should consider "the reason why disclosure was not made," the prejudice to the other party, whether a continuance may rectify the problem, and "any other relevant factors." *Id.* (quotation

5

omitted).  The complete preclusion of evidence, however, "is a severe sanction which should not be lightly invoked." *Id.* (quotation omitted).

At trial, the district court simply stated that "the fact that [Kegg did not have] the individual on the witness list" was reason enough to preclude the witness from testifying. Kegg offered no reason explaining why he did not disclose the witness.  On appeal, he claims that it was only after S.B. had testified that the distance between her house and Kegg's was more than one mile that it became necessary to call a witness to rebut this testimony.  Even if we accept Kegg's assertion that the district court erred, however, we see no prejudice he suffered as a result of the error.

Kegg raises a number of additional arguments in a pro se supplemental brief. These arguments have no support in the record.  *See State v. Manley*, 664 N.W.2d 275, 286 (Minn. 2003) (stating that appellate court does not review issues unsupported by record evidence).  Kegg waived his challenge to the restitution order when he failed to challenge it within the 30-day statutory deadline.  *See* Minn. Stat. § 611A.045, subd. 3(b) (2012).

**Affirmed.**