*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0091**

State of Minnesota,
Respondent,

vs.

Stephen Richard Angotti,
Appellant.

**Filed November 10, 2014
Affirmed
Johnson, Judge**

Dakota County District Court
File No. 19HA-CR-12-204

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Stacy St. George, Assistant County
Attorney, Hastings, Minnesota (for respondent)

Melissa Sheridan, Assistant Public Defender, Eagan, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Connolly, Judge; and
Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

A Dakota County jury found Stephen Richard Angotti guilty of criminal sexual
conduct based on evidence that he sexually abused his daughter on multiple occasions
over a two-year period. Angotti argues that the district court erred by admitting hearsay

evidence. We conclude that the district court did not abuse its discretion by admitting into evidence a video-recording of a social worker's interview of the young victim. Therefore, we affirm.

**FACTS**

On January 18, 2012, Burnsville Police Detective Jeffrey Pfaff responded to a report that a seven-year-old girl had been sexually abused by her father. The report was made by Angotti's girlfriend. When Detective Pfaff arrived at Angotti's residence, the detective asked Angotti's girlfriend to take the girl to the police station for a forensic interview. Paula Pletsch, a child-protection-assessment social worker for Dakota County, interviewed the girl. The interview was video-recorded. During the interview, the girl stated that Angotti had, on more than one occasion, placed his hands on her bare vaginal area, inserted a finger into her vagina, inserted his penis into her mouth, and rubbed his bare penis against her bare vagina.

The state charged Angotti with one count of first-degree criminal sexual conduct, in violation of Minn. Stat. § 609.342, subd. 1(g) (2012), and one count of second-degree criminal sexual conduct, in violation of Minn. Stat. § 609.343, subd. 1(a) (2012). In March 2013, the state gave notice of its intent to introduce a video-recording of the interview of the girl. In March 2013, Angotti filed a motion *in limine* in which he requested that the video-recording be excluded from evidence. Before trial, the district court reserved ruling on the motion.

The case was tried on five days in July 2013. The state called the young victim to testify in its case-in-chief. In response to the prosecutor's questions about the alleged

2

sexual assaults, she repeatedly stated that she does not remember. After the girl testified, the state sought to introduce the video-recording of the interview pursuant to section 595.02, subdivision 3, of the Minnesota Statutes. The district court initially determined that the video-recording is hearsay evidence and is not within the exception in Minn. R. Evid. 801(d)(1)(B). The district court then conducted a hearing outside the presence of the jury to determine whether the evidence satisfied the requirements of the statute. The district court received testimony from Pletsch and viewed and listened to the video-recording. The district court concluded that the video-recording is admissible, and it was played for the jury.

The jury found Angotti guilty on both counts. In October 2013, the district court sentenced Angotti to 187 months of imprisonment on count 1 and 109 months of imprisonment on count 2, to be served concurrently. Angotti appeals.

## D E C I S I O N

Angotti argues that the district court erred by admitting into evidence the video-recording of the social worker's interview of the girl. This court applies an abuse-of-discretion standard of review to a district court's evidentiary ruling. *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003).

The state sought to introduce the video-recording pursuant to a statute that provides as follows:

> An out-of-court statement made by a child under the age of ten years . . . alleging, explaining, denying, or describing any act of sexual contact or penetration performed with or on the child . . . not otherwise admissible by statute or rule of evidence, is admissible as substantive evidence if:

3

(a) the court or person authorized to receive evidence finds, in a hearing conducted outside of the presence of the jury, that the time, content, and circumstances of the statement and the reliability of the person to whom the statement is made provide sufficient indicia of reliability; and

(b) the child . . . either:

(i) testifies at the proceedings; or

(ii) is unavailable as a witness and there is corroborative evidence of the act; and

(c) the proponent of the statement notifies the adverse party . . . .

For purposes of this subdivision, an out-of-court statement includes video, audio, or other recorded statements.

Minn. Stat. § 595.02, subd. 3 (2012).

A district court considering the admissibility of a child's statement under this statute must consider the factors described in the statute (time, content, circumstances of the statement, and reliability of the person to whom the statements were made). *Id.*; *see also In re Welfare of L.E.P.*, 594 N.W.2d 163, 171 (Minn. 1999). A district court also should consider "a number of additional factors," including "'the knowledge of the declarant, the motives of the declarant and witnesses to speak truthfully[,] . . . the proximity in time between the statement and the events described[,]' . . . whether the person talking with the child had a preconceived idea of what the child would say[,] and the lack of leading or suggestive questions." *L.E.P.*, 594 N.W.2d at 170 (quoting *State v. Conklin*, 444 N.W.2d 268, 276 (Minn. 1989)). Furthermore, in assessing the reliability of the child's statement, a district court should consider factors such as "spontaneity,

consistent repetition, mental state of the declarant, use of terminology unexpected of a child of similar age, and lack of motive to fabricate." *Id.* In essence, the reliability of a child's out-of-court statement is determined based on the totality of the circumstances. *State v. Edwards*, 485 N.W.2d 911, 915 (Minn. 1992).

In this case, the district court made findings on each of the four factors identified in the statute. Specifically, the district court found that the interview was conducted the day after the girl reported the abuse. The district court also found that the content and circumstances of the interview indicated reliability. In addition, the district court found that Pletsch had 25 years of experience with allegations of sexual abuse and that she conducts approximately 125 interviews per year. These findings are supported by the evidentiary record. Detective Pfaff's testimony and Pletsch's testimony indicate that the interview occurred one day after the first report of abuse. Our review of the video-recording confirms the district court's findings that the content and circumstances of the interview indicate reliability. For example, the girl used age-appropriate terminology, displayed an appropriate demeanor, and used hand motions and dolls to describe Angotti's conduct. Finally, Pletsch testified about her professional credentials and experience and about her interview of the girl, including the fact that she has 25 years of experience and conducts approximately 125 interviews per year.

Angotti contends that, despite the district court's findings on the four statutory factors, the girl's video-recorded interview lacks sufficient indicia of reliability. He challenges the district court's ruling on the ground that the district court did not make any findings concerning the spontaneity of her statements, the consistency of her statements,

5

whether her statements were suggested by leading questions, whether she ever recanted her statements, and whether her statements were corroborated by physical evidence. Angotti's contention is based on the premise that a district court is obligated to make findings on all of the potential factors identified by the applicable caselaw. *See L.E.P.*, 594 N.W.2d at 170-71. But there is no requirement in the applicable caselaw that a district court must make findings on each and every factor that conceivably may be relevant. The overarching principle is that the reliability of a child's out-of-court statement is determined based on the totality of the circumstances. *See Edwards*, 485 N.W.2d at 915. The precedential opinions that conduct a totality analysis rely on some but not all of the potentially relevant factors, depending on the facts of each case.

For example, in *L.E.P.*, the supreme court reasoned that the out-of-court statements of the seven-year-old victim were sufficiently reliable because the child had no motive to fabricate, the statements were spontaneous, the child's story remained consistent, the child used "unexpected terminology" in describing the assault, the child's demeanor during the interview was cheerful, the child seemed willing to help the interviewer understand what had happened, and the child's admissions did not result from leading or suggestive questions. 594 N.W.2d at 171-72. But the supreme court did not discuss other potentially relevant factors, such as whether the child had recanted or whether there was corroborating evidence. *See id.* Similarly, in *State v. Lanam*, 459 N.W.2d 656 (Minn. 1990), the supreme court reasoned that the out-of-court statements of the three-year-old victim were sufficiently reliable because the child's statements regarding the abuse were spontaneous and consistent, the child had no motive to

6

fabricate, the questions were not leading questions, and the statements were not the type of statements expected of a child that age. *Id.* at 661. But, again, the supreme court did not discuss other potentially relevant factors, such as whether the child had recanted or whether there was corroborating evidence. *See id.* Contrary to Angotti's argument, the district courts "have considerable leeway in their consideration of appropriate factors as long as the factors considered relate to whether the child was particularly likely to be truthful." *L.E.P.*, 594 N.W.2d at 170 (quotation omitted).

We note that, even if findings on additional factors were required, those additional factors likely would not have diminished the reliability of the girl's statements. For example, our review of the video-recording and the corresponding transcript reveals that the girl's statements concerning the sexual assaults were fairly spontaneous and that she was consistent when providing details as to where and when the assaults took place. Also, the girl's statements were not the result of leading questions. Pletsch consistently asked open-ended questions. The few questions about which Angotti complains were very general in nature and were asked for the purpose of making a transition to a particular topic. In addition, many of the girl's statements went beyond the scope of Pletsch's questioning. Furthermore, there is nothing in the record to indicate that the girl ever recanted the statements she made in the interview. At trial, the girl testified that she could not remember the events referenced by the prosecutor, but she did not disassociate herself from the statements she made in the interview, and she did not deny that sexual abuse occurred. Moreover, the lack of physical corroboration of the girl's statements does not diminish the reliability of her statements. *See Edwards*, 485 N.W.2d at 915

(stating that reliability of statements by child-abuse victim does not depend on "evidence corroborating the statement").

Thus, the district court did not conduct an improper analysis of the factors relevant to the admissibility of the girl's out-of-court statements under section 595.02, subdivision 3. Therefore, the district court did not abuse its discretion by admitting the video-recording into evidence.

Angotti also contends that the district court erred by overruling his objections to two specific portions of Officer Pfaff's testimony. Officer Pfaff testified, among other things, that "a young girl was alleging being touched by a parent" and that the girl stated that "she was forced to put her mouth on Stephen Angotti's penis." Angotti's attorney objected to both of these questions on the ground that they call for hearsay. Each time, the prosecutor responded that the evidence was not offered for the truth of the matter asserted but to explain the course of the investigation. The district court overruled both objections. We need not decide whether the district court's rulings were proper because, even if they were erroneous, the errors would be harmless. *See* Minn. R. Crim. P. 31.01; *State v. Vang*, 774 N.W.2d 566, 576 (Minn. 2009). In light of the abundance of incriminating evidence in the video-recorded interview, the jury is very unlikely to have rested its verdicts on the two challenged portions of Officer Pfaff's testimony. Officer Pfaff's testimony would be material only if the video-recorded interview had been admitted erroneously. But we have concluded that the district court did not err by admitting the video-recorded interview.

**Affirmed.**