*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2153**

State of Minnesota,
Respondent,

vs.

Lee Anthony Holmes,
Appellant.

**Filed November 10, 2014
Affirmed
Connolly, Judge**

Olmsted County District Court
File No. 55-CR-13-2435

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County
Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant
Public Defender, Soren S. Lagaard (certified student attorney), St. Paul, Minnesota (for
appellant)

        Considered and decided by Halbrooks, Presiding Judge; Connolly, Judge; and

Bjorkman, Judge.

**CONNOLLY**, Judge

On appeal from his conviction of felony domestic assault, appellant argues that (1) the evidence was insufficient to prove that he and the complainant were involved in a significant romantic or sexual relationship and (2) the district court abused its discretion and committed plain error when it admitted into evidence, under Minn. Stat. § 634.20 (2012), another district court judge's findings convicting appellant of domestic assault in a prior case. We affirm.

**FACTS**

Appellant Lee Anthony Holmes was residing in a motel in Rochester when he met E.V. in February or March of 2013. They engaged in a sexual relationship from the time they met until April 12, 2013. During that time, E.V. often spent the night with appellant in his motel room. On April 12, E.V. and appellant engaged in sexual intercourse at the motel. They got into an argument, and appellant told E.V. to leave. Appellant "pulled or lifted" E.V. off the bed and threw her on the floor, injuring her legs and knees. E.V. called 911 to report the assault and when an officer arrived at the motel, he observed E.V. outside the motel room crying. He noticed bruises on her legs and scrapes on her knees.

Based on this event, the state charged appellant with felony domestic assault in violation of Minn. Stat. § 609.2242, subd. 1, 4 (2012) (stating that whoever commits a domestic assault within ten years of the first of any combination of two or more previous qualified domestic assault convictions is guilty of a felony). At appellant's bench trial, the state offered a transcript of another district court judge's oral findings, convicting

2

appellant of a previous domestic assault, as relationship evidence under Minn. Stat. § 634.20. The district court admitted this evidence, and appellant did not object. Following the bench trial, the district court found appellant guilty of the charged offense.

**D E C I S I O N**

**I.**

Appellant argues that "the state failed to prove beyond a reasonable doubt that [appellant] was involved in a significant sexual relationship with [E.V.] because [appellant's] interactions with [E.V.] did not rise to the threshold established by Minn. Stat. § 518B.01, subd. 2(b)(7) (2012)." We disagree.

When reviewing a challenge to the sufficiency of the evidence, we are limited to ascertaining whether the fact-finder could have found, after giving due regard to the presumption of innocence and the requirement of proof beyond a reasonable doubt, that appellant was guilty of the offense. *State v. Crow*, 730 N.W.2d 272, 280 (Minn. 2007). We carefully review the record to determine if the evidence in the light most favorable to the conviction was sufficient to permit the jury to convict. *State v. Pendleton*, 759 N.W.2d 900, 909 (Minn. 2009). We assume that the jury credited the state's witnesses and drew reasonable inferences in favor of the state. *State v. Jackson*, 726 N.W.2d 454, 460 (Minn. 2007).

Appellant first argues that "[t]he plain meaning of 'significant romantic or sexual relationship' in the context of the statute requires a heightened standard akin to more formalized and committed types of relationships." "Where the legislature's intent is clearly discernable from plain and unambiguous language, statutory construction is

3

neither necessary nor permitted and we apply the statute's plain meaning." *Hans Hagen Homes, Inc. v. City of Minnetrista*, 728 N.W.2d 536, 539 (Minn. 2007); *see also* Minn. Stat. § 645.16 (2008) (providing that when the language of a statute is "clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit").

Under Minn. Stat. § 609.2242, subd. 1, an individual may be convicted of domestic assault if he assaults "a family or household member," which includes "persons involved in a significant romantic or sexual relationship." Minn. Stat. § 518B.01, subd. 2(b)(7). When considering whether a defendant engaged in a significant sexual relationship with the victim, the court must consider "the length of time of the relationship; the type of relationship; the frequency of interaction between the parties; and, if the relationship has terminated, the length of time since termination." *Id.*

The phrase "persons involved in a significant romantic or sexual relationship," does not expressly require the type of formalized or committed relationship that appellant suggests. By separately listing subdivision 2(b)(7) from relationships including spouses, blood relatives, and persons who have a child in common, it follows that the "significant romantic or sexual relationship" category was not intended to encompass such relationships. *See State v. Rick*, 835 N.W.2d 478, 483 (Minn. 2013) ("[W]henever it is possible, no word, phrase, or sentence should be deemed superfluous."). And the statute expressly sets out factors for the court to consider in determining whether a romantic or sexual relationship was significant. *See* Minn. Stat. § 518B.01, subd. 2(b).

4

Appellant next argues that the evidence is insufficient to establish that appellant's relationship with E.V. was a significant romantic or sexual relationship. Appellant relies on several unpublished cases to support his contention that "[t]his court's caselaw imposes a higher threshold for relationships qualifying as a 'significant romantic or sexual relationship' than is present in this case." *See State v. Bliss*, 2013 WL 2923901 (Minn. App. June 17, 2013) (affirming the district court's conclusion that the appellant and complainant were engaged in a significant romantic or sexual relationship based on the exclusive nature of their two-year relationship and interactions with each other's families)*; State v. Richmond*, 2011 WL 3557809 (Minn. App. Aug. 15, 2011) (concluding that appellant and the complainant's two-week relationship was a significant romantic or sexual relationship based on the frequency of their visits and their interactions with each other's families). But unpublished opinions are of limited value in deciding an appeal. *See* Minn. Stat. § 480A.08, subd. 3(c) (2014) (stating that "[u]npublished opinions of the Court of Appeals *are not precedential*") (emphasis added).

Viewing the evidence in the light most favorable to the conviction and based on the factors outlined in Minn. Stat. § 518B.01, subd. 2(b), we conclude that there is sufficient evidence in the record to support appellant's conviction. E.V. testified that she and appellant were in a sexual relationship for "a month or two." While this is a relatively short time frame, the statute does not indicate that a romantic or sexual relationship must span a certain amount of time to be considered significant. E.V. also testified that she and appellant had sexual intercourse "almost on a daily [basis]," after they met, indicating that they maintained a frequent sexual relationship. And although

5

appellant highlights his own testimony to argue that the evidence was not sufficient to convict him, the district court determined that "[appellant's] version of the events on April 12, 2013 is not credible." We defer to district court credibility determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). Consequently, we conclude that the evidence is sufficient to sustain appellant's conviction.

## II.

Appellant also argues that "the district court abused its discretion and committed plain error when it admitted into evidence, under Minn. Stat. § 634.20, [a transcript of another judge's] oral findings, impressions, and remarks convicting [a]ppellant . . . of domestic assault in a prior case." We disagree.

Evidentiary rulings lie within the discretion of the district court and will not be reversed absent a clear abuse of discretion. *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). "[W]hether the admission of evidence violates a criminal defendant's rights under the Confrontation Clause is a question of law this court reviews de novo." *State v. Caulfield*, 722 N.W.2d 304, 308 (Minn. 2006). Appellant failed to object to the admission of the transcript on these grounds at trial and, therefore, waived his right to raise that objection on appeal. *See State v. Hamilton*, 268 N.W.2d 56, 63 (Minn. 1978). We may consider "error affecting a substantial right," under the plain error doctrine if they were not raised at trial. Minn. R. Crim. P. 31.02. We will not consider reversing unless the appellant has identified an (1) error, (2) that is plain, (3) that affects the appellant's substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). If all

6

three elements are met, we will correct the unobjected-to error only "to ensure fairness and the integrity of the judicial proceedings." *Id.*

We note the importance of objecting to potential hearsay evidence at trial due to the "complexity and subtlety of the operation of the hearsay rule and its exceptions," so a "full discussion of admissibility can be conducted at trial." *State v. Manthey*, 711 N.W.2d 498, 504 (Minn. 2006). "Where an objection is not made, hearsay evidence will be admitted" if it "has probative force." *Hamilton*, 268 N.W.2d at 63. Because appellant did not object to the admission of the transcript on hearsay grounds, and due to the importance of raising hearsay objections in district court to facilitate appellate review, we conclude that appellant has waived this issue on appeal.

Appellant also argues that the admission of the transcript violated his confrontation rights. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; *see also* Minn. Const. art. I § 6. The right to confrontation is violated when testimonial hearsay statements are admitted into evidence, unless the declarant is unavailable and the defendant has had a prior chance to cross-examine the witness. *Caulfield*, 722 N.W.2d at 308 (citing *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004)).

Testimonial statements include (1) "*ex parte* in-court testimony or its functional equivalent [including] affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially," (2) "extrajudicial statements

7

contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*, 541 U.S. at 51-52, 124 S. Ct. at 1364.

We conclude that the transcript at issue is not testimonial. It contains a district court judge's findings of fact and his recitation of witness testimony that support his findings. Appellant was the defendant in the previous case and had the opportunity to cross-examine those witnesses. The transcript does not contain extrajudicial statements and the statements were not made under circumstances that would lead an objective witness to reasonably believe that the statement would be used in a later trial. *See State v. Vonderharr*, 733 N.W.2d 847, 852 (Minn. App. 2007) (holding department of safety records not testimonial because (a) not produced for the purpose of prosecution, (b) prepared before charges were filed, and (c) produced before incident leading to charges). The transcript was not prepared for a subsequent prosecution, but rather, to convict appellant of the charged offense. It was prepared before the current charges were filed and prepared before the incident at issue in this case. Because the statements in the transcript are not testimonial in nature, we conclude that there is no confrontation clause violation.

Even if admitting the transcript was plainly erroneous, appellant has not shown that the error affected his substantial rights. An error affects substantial rights if, "the error was prejudicial and affected the outcome of the case." *Griller*, 583 N.W.2d at 741. Here, the transcript was offered as relationship evidence under Minn. Stat. § 634.20; it is

not substantive evidence of appellant's guilt for the charged crime. The state did not mention the exhibit in its closing argument or question any witnesses about its contents. Moreover, the district court did not mention the transcript in its findings of fact and order, indicating that it did not rely heavily on it. Instead, it relied on the overwhelming evidence of appellant's guilt. Furthermore, appellant was convicted after a bench trial. "The risk of unfair prejudice to [the defendant] is reduced because there is comparatively less risk that the district court judge, as compared to a jury of laypersons, would use the evidence for an improper purpose or have his sense of reason overcome by emotion." *State v. Burrell*, 772 N.W.2d 459, 467 (Minn. 2009). We conclude that the district court did not abuse its discretion by admitting the transcript.

**Affirmed.**