*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1674**

State of Minnesota,
Respondent,

vs.

Edward Valentine Forsythe,
Appellant.

**Filed August 31, 2015
Affirmed
Reilly, Judge**

Stearns County District Court
File No. 73-CR-14-1101

Lori Swanson, Attorney General, Karen B. Andrews, Assistant Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Julie Loftus Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

### UNPUBLISHED OPINION

**REILLY**, Judge

Appellant Edward Valentine Forsythe challenges his conviction of felony domestic assault, arguing that (1) the district court abused its discretion in admitting the

victim's prior inconsistent statements under the residual hearsay exception, and (2) there was insufficient evidence to prove beyond a reasonable doubt that appellant was guilty of the offense. We affirm.

**FACTS**

In February 2014, S.R. reported to the Waite Park police department that she was the victim of a domestic assault. S.R. was standing in her kitchen with her back to appellant, who was speaking on the telephone. S.R. felt appellant hit her on the back of her head. S.R. turned around and knocked the telephone out of appellant's hand. Appellant picked up the phone off the floor and "clunked" S.R. on the lip with it, causing her mouth to bleed. The couple's daughters were within the room when the assault occurred. Immediately afterwards, S.R. put her children into her car and drove away.

S.R. drove to her neighbor's home, and her neighbor contacted the police department. The responding officers noticed that S.R. was bleeding from her upper lip. S.R. stated that appellant hit her in the face and she feared for her safety. The state subsequently charged appellant with one count of felony domestic assault – harm and one count of felony domestic assault – intent to cause fear. The assault charges were felony-level offenses due to appellant's prior convictions.

S.R. later recanted her statement to the police officer and stated that she had lied about the assault. At trial, S.R. testified that appellant "flipped" her pony tail in an attempt to get her attention but did not hit her on the back of the head. S.R. claimed that she hit herself on the lip as she and appellant struggled with the telephone, and testified that she struck herself "with [her] own force." S.R. acknowledged that her initial

2

statement to the police officer differed from her trial testimony. The state sought to introduce at trial the initial call to the police department and the statement S.R. made to the police at her neighbor's house. The district court agreed, stating that "the statements do have sufficient external guarantees of trustworthiness to be admitted as substantive evidence." Appellant did not testify during trial in his own defense. The jury found appellant guilty of one count of domestic assault – harm, and not guilty of the other domestic assault offense. The district court committed appellant to the commissioner of corrections for 36 months. This appeal followed.

## ANALYSIS

Appellant raises two arguments on appeal. First, appellant claims that the district court abused its discretion by admitting S.R.'s prior statements under the residual hearsay exception. Second, appellant argues that the evidence was not sufficient to support the jury's verdict. We address each argument in turn.

### I.

Appellant argues that the district court abused its discretion by admitting S.R.'s prior statements under the residual hearsay exception. Evidentiary rulings rest within the sound discretion of the district court and will not be reversed absent a clear abuse of discretion. *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). Appellant bears the burden of establishing that the district court abused its discretion and that he was prejudiced. *Id.*

The district court admitted S.R.'s statements to the police officers as substantive evidence under Minn. R. Evid. 807. Hearsay is an out-of-court statement offered to

3

prove the truth of the matter asserted. Minn. R. Evid. 801(c). Although hearsay is generally not admissible at trial, Minn. R. Evid. 802, it may be admissible if it is covered by an exception to the hearsay rule or is exempted from the definition of hearsay. *State v. Robinson*, 699 N.W.2d 790, 794 (Minn. App. 2005), *aff'd*, 718 N.W.2d 400 (Minn. 2006). The residual hearsay exception articulated in Minn. R. Evid. 807 provides:

> A statement . . . having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Courts "use the totality of the circumstances approach, looking to all relevant factors bearing on trustworthiness to determine whether the extrajudicial statement has circumstantial guarantees of trustworthiness." *Robinson*, 718 N.W.2d at 408 (quotations omitted). A statement is admissible under rule 807 when (1) there is no confrontation problem, (2) the declarant admits making the prior statement, (3) the statement is against the declarant's penal interest, and (4) the statement was consistent with all the other evidence presented by the state. *State v. Ortlepp*, 363 N.W.2d 39, 44 (Minn. 1985).

Appellant concedes that the first three factors are satisfied. Thus, the only issue on appeal is whether S.R.'s statements were consistent with the other evidence the state introduced. The district court recognized that "the overall task is to see if there are other indicia of trustworthiness" that would allow the statements to be received under the residual hearsay exception. The district court was persuaded by the fact that S.R.'s

4

behavior was "far more consistent with the content of her initial statements" than the testimony she gave during trial. And S.R.'s statement to the responding officer was consistent with the initial telephone call when she reported that appellant hit her in the head and on her lips. The statements were also consistent with the injury to her lip.

The district court also found that S.R.'s statements were consistent with her behavior immediately following the assault. The district court cited specifically to the fact that S.R.'s first reaction was to leave the house with her children, which "corroborates the original version of how the injury occurred and tends to contradict the version of the injury that we heard from the witness stand." And the district court found that the initial statements were "clear and factual," in comparison to the "vague or ambiguous" statements made during trial. The district court determined that S.R.'s statements had sufficient external guarantees of trustworthiness to be admitted as substantive evidence under the totality of the circumstances. We are not persuaded, based on the district court's detailed analysis, that the district court abused its discretion by admitting the evidence under rule 807. Because we determine that the prior statements were properly admitted as substantive evidence, we do not address appellant's remaining arguments relating to the admissibility of the statements.

## II.

Appellant argues that the evidence was insufficient to support the jury's verdict finding him guilty of domestic assault – harm. Our review of a sufficiency-of-the-evidence challenge is "limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was

5

sufficient to permit the jurors to reach the verdict which they did." *State v. DeRosier*, 695 N.W.2d 97, 108 (Minn. 2005) (quotation omitted). When an element of the offense, such as intent, has been proven by circumstantial evidence, we apply a heightened standard of review. *See State v. Al-Naseer*, 788 N.W.2d 469, 474 (Minn. 2010). Heightened scrutiny is a two-step process requiring the reviewing court to first identify the circumstances proved and defer to the jury's "acceptance of the proof of these circumstances," and then "examine independently the reasonableness of all inferences that might be drawn from the circumstances proved, including inferences consistent with a hypothesis other than guilt." *State v. Porte*, 832 N.W.2d 303, 310 (Minn. App. 2013) (quotations omitted); *see also Al-Naseer*, 788 N.W.2d at 473-74. When a case involves circumstantial evidence, we defer to the jury's acceptance of the circumstances proved by the state and rejection of evidence that conflicted with those circumstances. *State v. Silvernail*, 831 N.W.2d 594, 598-99 (Minn. 2013).

The state charged appellant with one felony count of domestic assault – harm in violation of Minn. Stat. § 609.2242, subd. 4 (2012). To support a conviction of this charge, the state must prove beyond a reasonable doubt that appellant intentionally inflicted or attempted to inflict bodily harm against a family or household member "within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions." *Id.*, subds. 1, 4 (2012). Because there is no direct evidence bearing on whether appellant intended to inflict bodily harm against S.R., we apply the circumstantial evidence standard. *See State v. Davis*, 656 N.W.2d 900, 905 (Minn. App. 2003) ("The intent element of a crime, because it involves a state

6

of mind, is generally proved circumstantially . . . ."), *review denied* (Minn. May 20, 2003).

Viewing the evidence in the light most favorable to the verdict and deferring to the jury's credibility determinations, *see State v. Franks*, 765 N.W.2d 68, 73 (Minn. 2009), the evidence establishes the following circumstances: appellant hit S.R. on the head while her back was turned away from him, S.R. struggled with appellant and knocked the phone out of his hand, and appellant picked up the phone and hit S.R. on the mouth with it. S.R. immediately fled from the residence with her two children and drove to her neighbor's house, and her neighbor called the police department. The responding officer observed that S.R.'s lip was cut and bleeding.

The second step in our analysis is to determine whether the circumstances proved are consistent with guilt and inconsistent with any hypothesis other than guilt. *Al-Naseer*, 788 N.W.2d at 473. Appellant argues that the evidence could have been interpreted in an alternate way – namely, that S.R. injured her lip accidentally and lied about the assault in order to win an argument against appellant. We determine that appellant's inference is unreasonable in light of the evidence as a whole. The circumstantial evidence of appellant's intent to inflict bodily harm against S.R. is sufficient to support the conviction.

**Affirmed.**