*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0622**

State of Minnesota,
Respondent,

vs.

Eric Jamison Brewer,
Appellant.

**Filed April 11, 2016
Affirmed
Schellhas, Judge**

Ramsey County District Court
File No. 62-CR-14-4379

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Worke, Judge; and Johnson, Judge.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges his conviction of felony domestic assault, arguing that the district court abused its discretion by admitting hearsay evidence and excluding other evidence. We affirm.

## FACTS

On June 14, 2014, witnesses observed appellant Eric Brewer yell at his girlfriend, G.W., calling her a b-tch; follow her to a bench in a bus shelter; put her in a headlock; and repeatedly punch her. One witness heard shouting from the bus shelter and saw Brewer holding G.W. "in sort of a headlock and punching her on the head." Two Metro Transit Police Department officers crossed the street toward Brewer, who stood up, grabbed G.W.'s purse, and walked away. The officers approached Brewer, retrieved G.W.'s purse, and placed Brewer in handcuffs. G.W. was crying. Although G.W. initially told the officers that Brewer had assaulted her and "needed to go to jail," she subsequently stopped cooperating with the officers.

Respondent State of Minnesota charged Brewer with one count of felony domestic assault in violation of Minn. Stat. § 609.2242, subd. 4 (2012). At a pretrial hearing, Brewer discharged his court-appointed public defender and proceeded pro se with court-appointed advisory counsel. A jury found Brewer guilty as charged, and the district court sentenced Brewer to 23 months' imprisonment.

This appeal follows.

**D E C I S I O N**

Brewer seeks reversal of his conviction and a new trial, arguing that the district court abused its discretion by admitting hearsay statements and excluding evidence that Brewer sought to subpoena G.W. to testify at trial. "Evidentiary rulings rest within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. On appeal, the appellant has the burden of establishing that the trial court abused its discretion and that appellant was thereby prejudiced." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003) (citation omitted).

*Admitted evidence*

The district court admitted testimony regarding G.W.'s statements to the police officers at the scene of the assault. Brewer argues that the court abused its discretion by admitting the statements, although he does not argue that the admission of the statements violated the Confrontation Clause. Issues not briefed on appeal are forfeited. *See Rhodes v. State*, ___ N.W.2d ___, ___, 2016 WL 626044, at *4 n.3 (Minn. Feb. 17, 2016) (noting defendant's failure to address issue in appellate brief and stating that "[a]s a result, that issue is forfeited"). Raising a hearsay issue does not preserve an unraised confrontation issue. *Cf. State v. Rossberg*, 851 N.W.2d 609, 618 (Minn. 2014) (noting defendant's "exclusive focus" on specific hearsay exception in district court and stating that defendant failed to preserve for appeal related challenge under Confrontation Clause). We limit review to the rules of evidence.

During his cross-examination of one of the police officers, Brewer asked whether G.W. had any injuries. The officer answered, "[G.W.] was not cooperative after a while,

3

after she said that Mr. Brewer needed to go to jail and he assaulted her, then she stopped cooperating." The district court overruled Brewer's hearsay objection. Brewer also asked the officer whether G.W. indicated to him that she was hurt, and the officer answered, "No, she just said she was assaulted." The court again overruled Brewer's objection, and Brewer whispered, "She never said that sh-t, man." On redirect examination, the prosecutor asked the officer, "When you first talked to [G.W.], what did she say about whether she was assaulted?" The officer again testified, "[G.W.] told us that [Brewer] assaulted her and he needed to go to jail."

Relying on *State v. Litzau*, 650 N.W.2d 177 (Minn. 2002), Brewer argues that G.W.'s statements were inadmissible hearsay. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Minn. R. Evid. 801(c). "Hearsay is inadmissible unless an exception applies." *State v. Gatson*, 801 N.W.2d 134, 150 (Minn. 2011) (citing Minn. R. Evid. 802).

But "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is admissible hearsay. Minn. R. Evid. 803(2). "The basic elements of an 'excited utterance'" are "(a) that there be a startling event or condition, (b) that the statement relates to the event or condition, and (c) that the statement is made under the stress caused by the event or condition." *State v. Edwards*, 485 N.W.2d 911, 914 (Minn. 1992) (citing Minn. R. Evid. 803(2)). Relevant factors for determining whether a statement qualifies as an excited utterance include "'the length of time elapsed, the nature of the event, the physical condition of the declarant, any

4

possible motive to falsify, etc.'" *State v. Daniels*, 380 N.W.2d 777, 782–83 (Minn. 1986) (quoting Minn. R. Evid. 803(2) 1977 comm. cmt.); *see also State v. Bauer*, 598 N.W.2d 352, 366 (Minn. 1999) (concluding that testimony concerning declarant's statement that defendant had threatened to shoot her was admissible as excited utterance because declarant was "extremely agitated, upset, and afraid," which "indicate[d] that at the time [declarant] made the statement, [she] was still under the stress caused by the threat").

Brewer's reliance on *Litzau* is misplaced. In *Litzau*, the supreme court addressed testimony regarding an informant's tip to police and did not discuss the excited-utterance exception to the hearsay rule. *See* 650 N.W.2d at 183 ("We agree with appellant that testimony to the effect that the police had received a tip from a 'reliable source' who said that appellant was suspected of possessing and 'was carrying—transporting drugs' in his car was inadmissible hearsay."). Statements made to police under the stress of a startling event may be admitted as excited utterances. *See State v. Taylor*, 650 N.W.2d 190, 197, 205 (Minn. 2002) (concluding that district court properly ruled that recording of 911 call qualified as, among other things, excited utterance, where defendant argued with and struck declarant); *Edwards*, 485 N.W.2d at 912, 914 (concluding that district court abused its discretion by ruling that declarant's statements to police were not excited utterances where declarant called police about one minute after sexual assault and police arrived at scene five to six minutes later and questioned declarant "shortly after the event").

Here, the record demonstrates that G.W. made her statements to the police officers while under the stress of Brewer's assault. We conclude that the district court did not abuse its discretion by admitting G.W.'s statements because her statements were admissible as

excited utterances. And even if the court erred by admitting G.W.'s statements, any error was harmless. "If testimony was erroneously admitted, [appellate courts] review for harmless error." *State v. Yang*, 774 N.W.2d 539, 554 (Minn. 2009). "If no constitutional right was implicated, [appellate courts] will reverse only if the district court's error substantially influenced the jury's decision." *State v. Vang*, 774 N.W.2d 566, 576 (Minn. 2009) (quotation omitted). Brewer does not argue that the admission of G.W.'s statements violated his constitutional rights. We therefore consider only whether the verdict was substantially affected by the admission of G.W.'s statements. *See State v. Valtierra*, 718 N.W.2d 425, 435 & n.4 (Minn. 2006) (noting higher standard for harmless error on review for constitutional error in admission of evidence and stating that "[defendant] does not argue that the error affected his constitutional rights, so we inquire only whether the verdict was substantially influenced by the error").

Several witnesses testified that Brewer swore and yelled loudly at G.W. All of the witnesses testified that Brewer placed G.W. in a headlock. Two witnesses observed Brewer repeatedly punching G.W.'s head, and one of the police officers saw a "punching motion towards [G.W.'s] head, neck, [and] face area." We conclude that any error in the admission of testimony regarding G.W.'s statements to the officers did not substantially influence the jury's verdict and therefore was harmless.

*Excluded evidence*

Brewer argues that the district court abused its discretion by excluding his testimony that he sought to subpoena G.W. to testify at trial. "[Appellate courts] will not

reverse . . . rulings [excluding a defendant's evidence] absent a clear abuse of discretion." *State v. Richardson*, 670 N.W.2d 267, 277 (Minn. 2003).

On the first day of trial, the district court noted that Brewer had "submitted five subpoenas for service on [G.W.] . . . [a]t various addresses." The court also noted that two of the subpoenas were for addresses in Hennepin County and stated that it "couldn't assist with those" and that "with the cooperation of the civil division, Ramsey County Sheriff's Office, there was an effort to serve the other three [subpoenas]." After the state rested, the court provided Brewer with the returns of service from the Ramsey County Sheriff's Office. G.W. did not appear, and Brewer sought to introduce evidence of his attempts to subpoena G.W. The court denied Brewer's request, and Brewer argues that the court thereby abused its discretion because the subpoena evidence was "highly relevant" and "makes his testimony that no assault occurred more probable." Brewer's argument is unavailing. He has cited no case in which the exclusion of evidence about a defendant's attempts to obtain a witness's testimony was determined to be an abuse of discretion, and we are unaware of any legal authority that supports Brewer's argument. In the absence of such authority, we conclude that the district court did not abuse its discretion by excluding the subpoena evidence.

Moreover, any error in the exclusion of the subpoena evidence was harmless. "A harmless error analysis applies to the erroneous exclusion of evidence that violates the defendant's right to present evidence." *State v. Blom*, 682 N.W.2d 578, 622 (Minn. 2004). "If a trial court's evidentiary ruling is determined to be erroneous, and the error reaches the level of a constitutional error, such as denying the defendant the right to present a defense,

7

[the] standard of review is whether the exclusion of evidence was harmless beyond a reasonable doubt." *Richardson*, 670 N.W.2d at 277 (quotations omitted). "On appeal, the appellant has the burden of establishing that the trial court abused its discretion and that appellant was thereby prejudiced." *Amos*, 658 N.W.2d at 203. Brewer has failed to meet his burden. We agree with the state that G.W.'s absence at trial was likely more detrimental to the state than it was to Brewer. Brewer took advantage of G.W.'s absence, arguing in closing that the state had not satisfied its burden of proof because G.W. did not testify that she was assaulted. Given the strength of the state's evidence against Brewer, a reasonable jury would have reached the same verdict even if the district court had admitted the subpoena evidence. We conclude that any error by the district court in excluding the subpoena evidence was harmless beyond a reasonable doubt.

**Affirmed.**