STATE of Minnesota, Respondent,

v.

Robert Dean BAKKEN, Appellant.

No. C5–99–587.

Court of Appeals of Minnesota.

Jan. 4, 2000.

Review Denied Feb. 24, 2000.

Mike Hatch, Attorney General, Margaret Chutich, Assistant Attorney General, St. Paul, MN; and Conrad Freeberg, Morrison County Attorney, Little Falls, MN (for respondent).

Michael F. Cromett, Assistant State Public Defender, Roseville, MN (for appellant).

Considered and decided by LANSING, Presiding Judge, SHUMAKER, Judge, and HALBROOKS, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Robert Dean Bakken claims that the trial court erroneously admitted prior statements as substantive evidence and erred in declining to disclose the victim's confidential social service records after an in camera review. Appellant also contends that the evidence was insufficient to support his conviction. We affirm.

## FACTS

Thirty-five year-old Robert Dean Bakken pleaded not guilty to three counts of criminal sexual conduct. A third-degree

count alleged penetration of a victim at least 13 years of age when the actor was more than 24 months older. T.S., the alleged victim, was 13 years old. Two first-degree counts charged, respectively, penetration under circumstances causing the victim to fear imminent great bodily harm, and penetration when the actor was armed with a dangerous weapon.

At Bakken's trial, T.S. testified on direct examination that some time around Christmas of 1997, he went to a friend's home to play Nintendo. During the visit, his friend's father, whom he identified as Robert Bakken, walked into the room and told T.S. to undress. T.S. was afraid of Bakken and he complied. Bakken then touched T.S.'s "behind" with his penis and put his penis in T.S.'s mouth. T.S.'s friend sat and watched the incident. T.S. testified that he had told a social worker and a police captain about the assault.

On cross-examination, defense counsel asked T.S. about several prior inconsistent statements T.S. had made to the police captain concerning the manner of the removal of his clothes, Bakken's use of a knife to cut T.S.'s arm, and spitting out semen. T.S. testified that he did not remember some of the events and some of his prior statements. He testified, "I hardly remember that night. I can't remember most of the things. * * * I just block it out."

Over defense objection, the trial court then allowed the state to introduce into evidence as a prior consistent statement a videotaped interview of T.S. conducted by the police captain a few months after the alleged assault. The trial court explained: " * * * it's admissible overall. * * * [I]t's consistent with his testimony."

In the videotaped interview, T.S. said that he was at his friend's residence playing Nintendo some time in December. He said Robert Bakken came into the room, ripped T.S.'s clothes off, and penetrated him anally and orally with his penis. He said the assault occurred in the living room and that Bakken had been drinking. T.S.

stated that Bakken threatened him with a butcher knife, putting it to the side of his neck, and then cut him on the arm. T.S. said that Bakken threatened to kill him and to slice his neck open if he told anyone about the incident. T.S. said that after the assault he grabbed his clothes and ran out.

The jury found Bakken guilty of criminal sexual conduct in the third degree and not guilty of the two first-degree counts. On appeal, Bakken contends that the trial court erred in admitting the videotaped interview and in refusing to allow defense counsel to review social service records pertaining to T.S. He also argues that the evidence is insufficient to support his conviction.

## ISSUES

1. When the trial court erroneously admits prior statements as substantive evidence under Minn. R. Evid. 801(d)(1)(B), is the error reversible if the statements did not substantially influence the jury to convict?

2. Did the trial court err in refusing to disclose confidential social service records of the victim after the court conducted an in camera review?

3. Was the evidence sufficient to support the verdict?

## ANALYSIS

### I.

■ Bakken contends that the trial court erred by admitting T.S.'s videotaped interview as substantive evidence of a prior consistent statement. He argues that critical portions of the interview were inconsistent with T.S.'s trial testimony and were hearsay that did not fit any exception to the hearsay rule. He suggests that the statements were admissible only for impeachment.

Under Minn. R. Evid. 801(d)(1)(B), a witness's prior statement that is consistent with his trial testimony is admissible as

nonhearsay evidence if the statement is helpful to the trier of fact in evaluating the witness's credibility, and if the witness testifies at trial and is subject to cross-examination about the statement. An 801(d)(1)(B) statement operates as substantive evidence. Minn. R. Evid. 801(d)(1)(B) 1989 comm. cmt.

In *State v. Nunn*, 561 N.W.2d 902, 908–09 (Minn.1997), the supreme court interpreted Rule 801(d)(1)(B) and noted that prior consistent statements are not automatically admissible under the rule. Rather,

> * * * before the statement can be admitted, the witness' credibility must have been challenged, and the statement must bolster the witness' credibility with respect to that aspect of the witness' credibility that was challenged.

*Id.* at 909. Under the *Nunn* interpretation of Rule 801(d)(1)(B), the trial court must make a threshold determination of whether there has been a challenge to the witness's credibility. Here, T.S. was the only witness to present firsthand evidence against Bakken. As such, T.S.'s credibility was central to the case. One of the traditional methods of challenging a witness's credibility is the use of prior inconsistent statements. Defense counsel used that method with T.S.

The trial court must next determine whether the prior consistent statement would be helpful to the trier of fact in evaluating the witness's credibility. According to *Nunn*, the prior consistent statement must "bolster the witness' credibility * * *." *Id.* It is unlikely that mere repetition of a statement implies veracity. *United States v. McPartlin*, 595 F.2d 1321, 1351 (7th Cir.), *cert. denied*, 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979). But a prior consistent statement might bolster credibility by showing a fresh complaint, obviating an improper influence or motive, providing a meaningful context, or demonstrating accuracy of memory. *See State v. Lucas*, 372 N.W.2d 731, 738 (Minn.1985) (statement admitted under 801(d)(1)(B) to help jury assess memory and motivation). Considering T.S.'s sketchy recollection at trial, the court properly exercised its discretion in deciding that a prior consistent statement would tend to bolster T.S.'s credibility and, therefore, would help jury assess T.S.'s veracity.

The next concern for the trial court in applying Rule 801(d)(1)(B) is the determination of whether the prior statement and the trial testimony are consistent with each other:

> Thus, when a witness' prior statement contains assertions about events that have not been described by the witness in trial testimony, those assertions are not helpful in supporting the credibility of the witness and are not admissible under this rule.

Minn. R. Evid. 801(d)(1)(B) 1989 comm. cmt.

■ The trial testimony and the prior statement need not be verbatim. *See State v. Cox*, No. C9–98–1568, 1999 WL 387280, at *2 (Minn.App. June 15, 1999) ("The testimony does not have to be exact in every detail in order to qualify as a prior consistent statement."); *State v. Riley*, No. C6–98–1169, 1999 WL 203775, at *3 (Minn.App. Apr.13, 1999) ("minor discrepancies" did not prevent videotaped statement from being consistent with trial testimony); *In re Welfare of K.A.S.*, 585 N.W.2d 71, 76 (Minn.App.1998) (videotaped statement that was "reasonably consistent" with witness's trial testimony admissible under Rule 801(d)(1)(B)).

■ Here, the trial court found that the videotaped interview was consistent overall with T.S.'s trial testimony. However, the court did not analyze the individual statements in the interview to determine their consistency with T.S.'s testimony. Such analysis is necessary under Rule 801(d)(1)(B), for without it a few consistent statements in a multi-statement interview may be used to bootstrap into evidence inconsistent statements that do not qualify under the rule.

T.S.'s trial testimony and his videotaped interview were sufficiently consistent as to the general location of the assault, the identity of the perpetrator, and the nature of the acts of penetration. They were inconsistent, however, as to Bakken's alleged threat, use of a knife, cutting of T.S.'s arm, and ripping off of T.S.'s clothes.

The inconsistencies were not minor discrepancies. They were significant because, if the jury believed the inconsistent videotaped statements, the criminal conduct would legally escalate from third-degree to first-degree. Thus, where inconsistencies directly affect the elements of the criminal charge, the Rule 801(d)(1)(B) requirement of consistency is not satisfied and the prior inconsistent statements may not be received as substantive evidence under that rule. The trial court erred in allowing the significant inconsistent statements into evidence as part of the multi-statement interview that contained some significant consistencies.

But even if a trial court errs in an evidentiary ruling, we will not reverse unless the error substantially influenced the jury to convict. *State v. Brown*, 455 N.W.2d 65, 69 (Minn.App.1990), *review denied* (Minn. July 6, 1990). Bakken's complaint is not that the jury was allowed to hear the prior inconsistent statements. His own defense attorney brought the statements out for impeachment during cross-examination. His contention is that the court permitted the jury to use the statements as substantive evidence. We agree that the trial court's admission of the statements as prior consistent statements permitted the jury to use the statements as substantive evidence. However, we do not agree that the jury did so.

The prior inconsistent statements that the trial court erroneously allowed pertained only to essential elements in the first-degree criminal sexual conduct counts. The jury acquitted Bakken of those counts. Had the jury accepted the prior inconsistent statements as true, it would have had to convict on the first-degree counts as well. The portions of T.S.'s videotaped interview that were consistent with his trial testimony, and thus admissible under the trial court's discretionary ruling, pertained to the third-degree count. The jury found Bakken guilty of that count. We hold that the evidentiary error did not substantially influence the jury to convict.

## II.

Bakken asked the trial court to review T.S.'s social service records and to allow disclosure of anything relevant to Bakken's defense. The trial court conducted an in camera review and declined to allow disclosure of any of the records.

A trial court's in camera review of confidential records was approved in *State v. Paradee*, 403 N.W.2d 640, 642 (Minn.1987):

> [I]n camera [review] strikes a fairer balance between the interest of the privilege holder in having his confidences kept and the interest of the criminal defendant in obtaining all relevant evidence that might help in his defense. We believe that trial courts, who by training and experience are qualified for the task of determining matters of relevancy, are capable of determining what if any of the information in the records might help in the defense.

The trial court has broad discretion in rulings on discovery and evidence. *State v. Wildenberg*, 573 N.W.2d 692, 696 (Minn. 1998). In a criminal case, however, the trial court must also recognize that the defendant has a constitutional right to "be afforded a meaningful opportunity to present a complete defense * * *." *Id.* at 697 (quoting *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413, 419 (1984)).

This court also reviewed T.S.'s social service records for the appeal, and we conclude that the trial court did not err in

ruling that the records contained nothing relevant or material to Bakken's defense.

### III.

■ Bakken argues that the evidence was insufficient as a matter of law to support his conviction of criminal sexual conduct in the third degree. He cites as contributing to the evidentiary deficiency T.S.'s delay in reporting the crime, his inability to recall certain details of the incident, and his prior inconsistent statements.

> Where there is a challenge to the sufficiency of the evidence, our review on appeal is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did.

*State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). A reviewing court must assume "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn.1989). It is the jury's prerogative to determine both the weight and the credibility of the evidence. *State v. Daniels*, 361 N.W.2d 819, 826 (Minn.1985). Inconsistencies in testimony and conflicts in evidence do not automatically render the testimony and evidence false and are not bases for reversal. *State v. Stufflebean*, 329 N.W.2d 314, 319 (Minn.1983). This may be especially true when a crime victim is recounting a traumatic or stressful event. *Id.* Moreover, improbability is a question for the jury. *Clark v. Chicago & N.W. Ry. Co.*, 226 Minn. 375, 381, 33 N.W.2d 484, 487 (1948).

The evidence in this case was principally testimonial. The case depended entirely on who and what the jury believed. The jury heard competent evidence that supported conviction. The jury also heard competent evidence that supported acquittal. The jury resolved the conflict. There is no proper basis to overturn the verdict. *See Seidl v. Trollhaugen, Inc.*, 305 Minn.

506, 508, 232 N.W.2d 236, 239 (1975) (stating where resolution is based on assessment of credibility of witnesses whose demeanor can only be observed by jury and where trial court approved jury verdict, appellate court is obligated to affirm).

### DECISION

The trial court erred by admitting prior statements as substantive evidence under Minn. R. Evid. 801(d)(1)(B), but the statements did not substantially influence the jury to convict. The trial court did not err in refusing to disclose the victim's social service records after the court conducted an in camera review.

The evidence was sufficient to support the verdict.

**Affirmed.**