*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2323**

State of Minnesota,
Respondent,

vs.

Tyrone Joseph Mohr,
Appellant.

**Filed December 1, 2014
Reversed and remanded
Hudson, Judge**

Dakota County District Court
File No. 19HA-CR-13-1500

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Stacy St. George, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, David W. Merchant, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Hudson, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**HUDSON**, Judge

Appellant challenges his conviction of ineligible person in possession of a firearm. He argues that the district court erred by admitting: (1) out-of-court statements that a witness made to investigating officers; (2) evidence that appellant possessed guns on several prior occasions; and (3) evidence regarding the nature of the police response to his residence. He also argues that the cumulative effect of these errors denied him of a fair trial and that his warrant of commitment should be amended to reflect the fine imposed at sentencing. Because we conclude that the erroneous admission of hearsay evidence significantly affected the verdict, we reverse and remand.

## FACTS

On May 11, 2013, law enforcement responded to a call for assistance at a residence located in Greenville Township, Dakota County. The residence is owned by R.R., who lives with her significant other, appellant Tyrone Joseph Mohr, and her roommate, S.M. Appellant is a person ineligible to possess a firearm.

Law enforcement obtained and executed a search warrant for the residence and seized two guns from a vent located in the master bedroom. DNA samples were taken from the grips of each gun and the trigger of one gun. Subsequent testing revealed that appellant's DNA profile matched the sample seized from the trigger. The same testing could not exclude appellant as a source of the DNA samples obtained from either gun's grip.

While police executed the search warrant, Dakota County Sheriff's Detective Dawanna Witt interviewed R.R. Detective Witt testified that throughout the interview, R.R. appeared intoxicated, did not appear alert or focused, and struggled to understand her questions. R.R. told the detective that appellant had thrown S.M. out of the house earlier that day because he believed that S.M. planned to rob them. She informed the detective that appellant had a gun before and after he confronted S.M., had "showboat[ed]" both guns, and had possessed both guns on several other occasions. R.R. admitted to the detective that she had purchased both firearms recovered from the home and told the detective that appellant kept the first gun for himself.

At trial, R.R. testified, however, that she could not remember whether appellant possessed a gun when he confronted S.M. on May 11, or whether he otherwise possessed a gun on the date of the incident. R.R. admitted that she consumed alcohol, Percocet, and Xanax on the offense date, and testified that she "blacked out" later that day. The state provided R.R. a transcript of the statement that she made to Detective Witt and asked her to read it to refresh her recollection. R.R. testified that she did not remember speaking to the detective, but stated that she believed that the transcript was a true and accurate representation of what she told the detective that day. She also admitted, however, that she was unsure whether she was truthful and honest when she answered the detective's questions. R.R. then repeated what she told the detective; she stated that she informed the detective that appellant possessed a gun, that appellant had the gun when he confronted S.M., and that she had observed appellant with a gun on several other occasions. R.R. admitted that she was prohibited from possessing firearms as a term of

3

probation for a previous felony conviction. She testified after the district court granted her use immunity.

At trial, over appellant's objection, the state introduced R.R.'s out-of-court statements to Detective Witt through the detective's testimony. The jury found appellant guilty of ineligible person in possession of a firearm. This appeal follows.

# D E C I S I O N

Appellant argues that the district court abused its discretion by admitting statements that R.R. made in her interview with Detective Witt because those statements constituted inadmissible hearsay. The state argues that the district court properly admitted the statements under Minn. R. Evid. 801(d)(1)(B).

"Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). A district court abuses its discretion when it misapplies the law. *Kronig v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45–46 (Minn. 1997). But the erroneous admission of evidence does not warrant reversal unless the error "substantially influence[d] the jury's decision." *State v. Nunn*, 561 N.W.2d 902, 907 (Minn. 1997). On review, appellant bears the burden of establishing that the district court abused its discretion and that appellant suffered prejudice. *Id*.

Hearsay is an out-of-court statement offered as evidence to prove the truth of the matter asserted. Minn. R. Evid. 801(c). Generally, hearsay is not admissible unless it meets a recognized exception under the rules of evidence. Minn. R. Evid. 802. But a declarant's prior consistent statement is admissible as substantive non-hearsay evidence if

4

the declarant testifies at trial, is subject to cross-examination, and the statement is helpful to the factfinder in evaluating the declarant's credibility. Minn. R. Evid. 801(d)(1)(B). Before the prior statement can be admitted, the district court must determine whether the credibility of the witness has been challenged, whether the statement bolsters the witness's credibility, and whether the statement is consistent with the trial testimony. *State v. Bakken*, 604 N.W.2d 106, 109 (Minn. App. 2000), *review denied* (Minn. Feb. 24, 2000). The prior statement and trial testimony need not be exact in every detail, but must be "reasonably consistent" with one another if the prior statement is to be admitted under this exception. *Id.*; *In re Welfare of K.A.S.*, 585 N.W.2d 71, 76 (Minn. App. 1998). To ensure that a few consistent statements are not "used to bootstrap into evidence" otherwise inadmissible statements, the district court is required to analyze each out-of-court statement to determine its consistency with the trial testimony. *Bakken*, 604 N.W.2d at 109.

Here, the district court did not analyze the admissibility of each statement that R.R. made to Detective Witt, but determined that R.R.'s entire statement was admissible because R.R. testified that "she did talk" and that she "did give an interview." Appellant concedes that he challenged R.R.'s credibility, but argues that R.R.'s trial testimony was not consistent with several of the statements that she made to the detective. We agree.

R.R.'s trial testimony and her statement to Detective Witt were consistent regarding R.R.'s purchase of the guns, appellant's prior possession of the guns, and some of the events surrounding appellant's confrontation with S.M. But R.R.'s trial testimony and her prior statement were inconsistent regarding appellant's possession of a gun

5

relevant to the charged offense; specifically, whether appellant possessed a gun when he confronted S.M. and whether appellant "showboat[ed]" both guns. Because these differences affect material elements of the criminal charge, they are significant. *See Bakken*, 604 N.W.2d at 110 ("[W]here inconsistencies directly affect the elements of the criminal charge, the Rule 801(d)(1)(B) requirement of consistency is not satisfied and the prior inconsistent statements may not be received as substantive evidence under that rule."). We therefore conclude that the district court abused its discretion by admitting R.R.'s statements regarding appellant's possession of a firearm as prior consistent statements.

The state argues that R.R.'s out-of-court statements are consistent with her trial testimony because R.R. testified on direct examination about the statements that she made to Detective Witt. We do not find the state's argument persuasive. The record reflects that, at trial, the state attempted to use R.R.'s out-of-court statements to refresh R.R.'s recollection of the incident. After R.R. reviewed a transcript of her statements, she acknowledged that she spoke to the detective and testified regarding what she told the detective.

R.R. did not, however, claim that what she told the detective constituted her present recollection, nor did she testify that her out-of-court statements were otherwise an accurate reflection of what occurred that day. Instead, R.R. testified that she did not recall being interviewed by the detective and admitted that she could not remember if she was honest when she spoke to the detective. The purpose of admitting a prior consistent statement is to assist the factfinder in evaluating a witness's credibility; logically, the fact

6

that the declarant is consistent in his or her description of the events helps establish that the declarant is a credible witness. *See generally* Minn. R. Evid. 801 cmt. (stating that purpose of admitting prior consistent statements under Minn. R. Evid. 801(d)(1)(B) is to rebut inferences of fabrication). Because R.R. did not establish in her testimony that her recollection of whether appellant possessed a gun was consistent with what she told the detective, her prior statements did not aid the jury in its evaluation of her credibility. Therefore, the admission of these statements was erroneous.

We therefore consider whether the erroneous admission of these statements was harmless. *State v. Vang*, 774 N.W.2d 566, 576 (Minn. 2009). The erroneous admission of hearsay evidence does not affect the verdict if there is a separate basis for which the evidence is otherwise admissible. *State v. Robinson*, 718 N.W.2d 400, 407–10 (Minn. 2006). Here, the state contends that the statement was also admissible under the residual exception to the hearsay rule.

The residual exception permits the admission of certain hearsay statements that do not fall under the usual hearsay exceptions enumerated in rules 803 and 804. Minn. R. Evid. 807. A party seeking to admit an out-of-court statement under this exception must establish, under the totality of the circumstances, that the statement has "circumstantial guarantees of trustworthiness" equivalent to the other hearsay exceptions.[1] *Robinson*, 718 N.W.2d at 408. Generally, the relevant circumstances that this court considers are:

---

[1] Prior to admission, the district court must also determine: (1) the statement is offered as evidence of a material fact; (2) the statement is more probative on the point for which it is offered than any other evidence procured through reasonable efforts; (3) the general purpose of the rules of evidence and interests of justice will be served by admission of the

> whether the statement was given voluntarily, under oath, and subject to cross-examination and penalty of perjury; the declarant's relationship to the parties; the declarant's motivation to make the statement; the declarant's personal knowledge; whether the declarant ever recanted the statement; the existence of corroborating evidence; and the character of the declarant for truthfulness and honesty.

*State v. Griffin*, 834 N.W.2d 688, 693 (Minn. 2013). The focus of this analysis is on the statement itself and not whether the person to whom the statement was made is reliable. *State v. Ahmed*, 782 N.W.2d 253, 261 (Minn. App. 2010).

After review of the relevant factors, we conclude that R.R.'s statements do not contain "circumstantial guarantees of trustworthiness" equivalent to other hearsay exceptions. *Robinson*, 718 N.W.2d at 408. R.R. did not make her statements under oath and was not subject to cross-examination when she made them. Moreover, at the time that R.R. spoke to the detective, her character for truthfulness and honesty was minimal. She testified that she was heavily intoxicated when she spoke to Detective Witt and admitted that she was unsure if she was honest when speaking to the detective. The detective also testified that R.R. did not appear alert or focused and stated that R.R. struggled to understand the detective's questions. In addition, R.R. had reason to implicate appellant; she knew that the terms of her probation prohibited her from possessing firearms and was aware that she faced possible sanction if she admitted that the firearms belonged to her. Finally, R.R's statements are not corroborated by any other

---

statement; and (4) the proponent of the statement made known to the adverse party its intent to offer the statement sufficiently in advance of trial. Minn. R. Evid. 807. The parties do not dispute that these requirements are met here.

evidence offered at trial.[2] Considering the totality of the circumstances, the residual exception does not constitute an alternative basis for the admission of R.R.'s out-of-court statements into evidence.

The erroneous admission of evidence is also harmless if there is no "reasonable possibility that the wrongfully admitted evidence significantly affected the verdict." *State v. Ness*, 707 N.W.2d 676, 691 (Minn. 2006). In making this determination, we must decide whether the verdict might have been more favorable to the defendant if the evidence had been excluded. *State v. Post*, 512 N.W.2d 99, 102 n.2 (Minn. 1994). If there is a reasonable possibility that the verdict might have been more favorable to the defendant without the evidence, then the error is prejudicial. *Id.*

Here, R.R.'s testimony regarding her recollection of the incident was unlikely to assist the jury because she had no recollection of what occurred due to her intoxication. Likewise, her testimony regarding the statements that she made to the detective was also unlikely to be persuasive because R.R. only vaguely repeated what she read on the transcript. In contrast, the jury was much more likely to find Detective Witt's testimony regarding R.R.'s out-of-court statements to be credible and persuasive. *See State v. Wright*, 726 N.W.2d 464, 477 (Minn. 2007) (noting that jurors are likely to find a witness's out-of-court statements to be credible if testified to by a police officer). Because of the detective's testimony, the jury was much more likely to find

---

[2] Though there was testimony that appellant had possessed the seized guns on several previous occasions, this testimony does not establish that appellant possessed a firearm in this case. *See generally* Minn. R. Evid. 404(b) (stating that evidence of other acts may not be admitted to prove the character of a defendant to establish that the defendant acted in conformity with that character).

appellant guilty based upon R.R.'s out-of-court statements, which were highly probative of the charged offense. In addition, the state relied heavily on R.R.'s out-of-court statements during closing argument. The prosecutor argued to the jury that "[i]f you believe [appellant] possessed the gun, that he held it in his hand, put it in his waistband, wherever on his body, he's guilty," and told the jury that "[i]f you believe [R.R.], we are done. He's guilty." The prosecutor emphasized the importance of R.R.'s out-of-court statements, implying to the jury that because R.R.'s consumption of prescription drugs and alcohol prevented her from recalling what occurred on the offense date, the jury should rely on her out-of-court statements as substantive evidence to establish appellant's guilt.

Finally, we note that the other evidence of appellant's guilt is not overwhelming and is based mostly on the state's theory of constructive possession. R.R.'s statements to Detective Witt constitute important direct evidence that is relevant to appellant's possession of a firearm.[3] Recognizing this, and the fact that no other witness was able to testify about appellant's actual or constructive possession of a firearm, the state repeatedly directed the jury's attention to R.R.'s statements. The state's overt reliance on R.R.'s statements, combined with minimal other evidence establishing appellant's guilt, makes it reasonably possible that the wrongfully admitted evidence significantly affected the verdict.

---

[3] DNA evidence may establish that appellant exercised possession of a gun, but does not prove that his possession occurred in connection with this incident or whether it occurred in connection with appellant's past acts.

Based upon the above factors, we conclude that the admission of R.R.'s statement to Detective Witt was not harmless. We therefore reverse appellant's conviction and remand for a new trial. Because we reverse on the hearsay issue alone, we do not consider appellant's additional claims of error.[4]

**Reversed and remanded.**

---

[4] We do note, however, that a typographical error is contained on appellant's warrant of commitment, which indicates that a fine of $3,000 was imposed. At sentencing, the district court imposed a fine of $300.