*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1556**

State of Minnesota,
Respondent,

vs.

Tetyang Puok Juate-Yout,
Appellant.

**Filed September 26, 2016
Affirmed
Reyes, Judge**

Stearns County District Court
File No. 73CR145376

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, St. Paul, Minnesota; and

Janelle Kendall, Stearns County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

 Considered and decided by Stauber, Presiding Judge; Reyes, Judge; and John Smith,

Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**REYES**, Judge

On appeal from his convictions of first- and second-degree criminal sexual conduct, appellant argues that the district court abused its discretion by (1) admitting the alleged victim's recorded statement with a nurse as a prior consistent statement; (2) allowing an expert witness to testify about delayed reporting of sexual abuse; and (3) denying his motion for a downward dispositional departure. We affirm.

## FACTS

In 2014, then nine-year-old N.P. lived with her mother and her seven siblings in St. Cloud. N.P.'s father, appellant Tetyang Puok Juate-Yout, did not live with the family at that time but visited the family's apartment on the weekends to spend time with the children.

During the summer of 2014, N.P.'s oldest sister noticed that N.P. was "jumpy" and "didn't want to be around any of" her sisters, which was unlike her. She also observed that N.P. was "soiling herself." N.P.'s two oldest sisters confronted N.P. about their concerns. N.P. eventually told them that appellant had sexually abused her.

N.P.'s oldest sister immediately took N.P. to the emergency room. The next day, N.P. was interviewed by a nurse at the Midwest Children's Resource Center in St. Paul, and the interview was recorded. N.P. also told the nurse that appellant had sexually abused her. As a result, appellant was charged with two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct.

In November, a five-day court trial was held. N.P. testified regarding the sexual abuse by appellant. In addition, an expert, who has an extensive background in interviewing victims of child abuse, testified regarding delayed reporting of sexual abuse.

The district court found appellant guilty of all three counts. At the sentencing hearing, appellant moved for a downward dispositional departure from the presumptive range under the sentencing guidelines. The district court denied the motion and imposed the presumptive sentence on one of appellant's first-degree criminal sexual conduct convictions of 156-month in prison with a ten-year conditional-release term. This appeal follows.

### D E C I S I O N

**I.** **The district court properly exercised its discretion by admitting N.P.'s recorded statement to the nurse as a prior consistent statement.**

Appellant argues that the "[district] court abused its discretion by admitting N.P.'s recorded statement [to the nurse] as a prior consistent statement." We disagree.

"Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion. On appeal, the appellant has the burden of establishing that the [district] court abused its discretion and that appellant was thereby prejudiced." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003) (citations omitted).

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Minn. R. Evid. 801(c). "[A] witness's prior statement that is consistent with [her] trial testimony is admissible as nonhearsay evidence if the statement is helpful to

the trier of fact in evaluating the witness's credibility, and if the witness testifies at trial and is subject to cross-examination about the statement." *State v. Bakken*, 604 N.W.2d 106, 108-09 (Minn. App. 2000) (citing Minn. R. Evid. 801(d)(1)(B)), *review denied* (Minn. Feb. 24, 2000). Before a statement may be admitted under rule 801(d)(1)(B), the district court must first make a "threshold determination" that the witness's credibility has been challenged. *Id.* at 109. The district court must then evaluate whether the statement would "be helpful to the trier of fact in evaluating the witness's credibility." *Id.* Finally, the district court must inquire into whether the out-of-court statement was consistent with the witness's trial testimony. *Id.*

Here, appellant only challenges whether N.P.'s recorded statement to the nurse was consistent with her trial testimony. To be consistent, "[t]he trial testimony and the prior statement need not be verbatim." *Id.* The prior statement need only be "substantially consistent" with the trial testimony. *State v. Zulu*, 706 N.W.2d 919, 924-25 (Minn. App. 2005).

The record supports the district court's conclusion that N.P.'s recorded statement to the nurse was consistent with her trial testimony. In both her recorded statement and at trial, N.P. stated that (1) appellant touches her "butt" and her vagina; (2) he touches her in her mother's room when her mother is gone; (3) appellant gets her alone in her mother's room by asking her to bring him water; (4) both her pants and appellant's pants are off when he is touching her; (5) appellant threatens to hurt her if she tells anybody; (6) appellant touched her before he went to Africa and when he returned; and (7) it feels

4

"nasty" when appellant touches her. Although her recorded statement and trial testimony are not verbatim, they are substantially consistent. *See id.*; *Bakken*, 604 N.W.2d at 109.

Appellant argues that "[g]laring discrepancies existed between" N.P.'s recorded statement and her trial testimony because: (1) N.P. stated in "her recorded statement that appellant put his penis both 'in' and 'on' her vagina, but [at trial] she [testified that] he only touched his penis to her vagina"; (2) N.P. "used different terminology to refer to genitalia"; (3) "N.P. testified that appellant used to touch her on the floor of the bedroom, but [in her recorded statement she stated] that the abuse occurred only on her mother's bed"; and (4) "N.P. testified that the abuse started in 2011," when she was six or seven years old, but in her "recorded statement, N.P. [stated] that the abuse started when she was five years old." We are not persuaded. First, when specifically asked by the nurse if appellant's penis "go[es] on [her] coochie or in [her] coochie" N.P. stated, "On it." Second, although N.P. used different terminology when referring to her genitalia and appellant's genitalia, both at trial and during her recorded statement she was asked to indicate on a diagram of the female and male body which body parts she was referring to and consistently referred to the same body parts. Finally, the inconsistencies in the statements regarding whether the abuse occurred on the floor of her mother's room or on the bed and at what age the abuse occurred are not material and are reasonable due to N.P.'s age.

In sum, we conclude that the district court properly exercised its discretion by admitting N.P.'s recorded statement with the nurse as a prior consistent statement.

**II.    The district court properly exercised its discretion by allowing expert testimony about delayed reporting of sexual abuse.**

Appellant next argues that the district court abused its discretion by allowing an expert to testify regarding delayed reporting of sexual abuse. We disagree. "Rulings concerning the admission of expert testimony generally rest within the sound discretion of the district court and will not be reversed absent a clear abuse of discretion." *State v. Mosley*, 853 N.W.2d 789, 798-99 (Minn. 2014).

Minn. R. Evid. 702 permits qualified experts to testify regarding information that "will assist the trier of fact to understand the evidence or to determine a fact in issue." Under rule 702, expert testimony regarding nonscientific information "is admissible if: (1) the witness is qualified as an expert; (2) the expert's opinion has foundational reliability; [and] (3) the expert testimony is helpful to the [trier of fact]." *State v. Obeta*, 796 N.W.2d 282, 289 (Minn. 2011). The district court must also consider whether the probative value of expert testimony is outweighed by its prejudicial effect. *State v. Grecinger*, 569 N.W.2d 189, 196 (Minn. 1997) (citing Minn. R. Evid. 403).

Here, appellant challenges both the helpfulness of the expert's testimony and the weighing of its probative and prejudicial effect. Appellant argues that the expert's testimony was not helpful to the trier of fact because "N.P. gave a reasonable explanation" as to why she delayed her report when she "testified that appellant threatened to beat her if she told anyone." We are not persuaded.

N.P. testified that appellant first abused her in 2011 or 2012, but she did not disclose the abuse until June 2014. The expert's testimony aided the district court in

evaluating N.P.'s credibility by explaining that there are many different reasons why abused children sometimes wait to disclose the abuse. Although N.P. testified that appellant threatened to hurt her if she told anybody, the expert's testimony provided additional reasons why N.P. might have waited to disclose the abuse. Further, the district court's decision to admit the expert's testimony regarding delayed reporting is supported by caselaw. *See, e.g., State v. Sandberg*, 406 N.W.2d 506, 507 (Minn. 1987) ("It is within [district] court's discretion to admit expert testimony concerning the reporting practices of adolescent victims of sexual assault.").

Appellant also argues that "[t]he prejudicial effect of [the expert's] testimony [] outweighed any probative value" because "some of the scholarly works that [the expert] cited as a basis for her expertise were no longer accepted as authoritative in the field." But appellant's argument that the expert relied in part on "outdated works" goes to the weight of her testimony, not to its admissibility. *See State v. Myers*, 359 N.W.2d 604, 611 (Minn. 1984) (noting that issues concerning reliability of an expert's testimony "goes not to the admissibility of the testimony but to its relative weight.") Appellant had the opportunity to challenge the expert's reliability and the weight to be given to the testimony by cross-examining her extensively on the "scholarly works" that she cited.

In sum, we conclude that the district court properly exercised its discretion by admitting the expert's testimony regarding delayed reporting of sexual abuse.

7

**III.   The district court properly exercised its discretion by denying appellant's motion for a downward dispositional departure.**

Finally, appellant argues that the district court abused its discretion by denying his motion for a downward dispositional departure. We disagree.

The Minnesota Sentencing Guidelines provide a presumptive sentence for a felony offense. Minn. Sent. Guidelines 2.C (2014). A district court is instructed to utilize the presumptive sentence "unless there exist identifiable, substantial, and compelling circumstances" to support a departure. Minn. Sent. Guidelines 2.D.1 (2014); *see also State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). If the district court does *not* depart from the presumptive sentence, the district court is *not* required to state reasons for imposing a guidelines sentence. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013).

A district court may grant a downward dispositional departure if a defendant has a "particular amenability to individualized treatment in a probationary setting." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). If the defendant requests a downward dispositional departure, the district court must "deliberately consider[ ]" the factors that are urged by a defendant in support of the motion. *See State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002). We apply a very deferential abuse-of-discretion standard of review to a district court's denial of a defendant's motion for a downward dispositional departure. *See State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011); *see also State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006).

8

The record indicates that, prior to the sentencing hearing, the district court reviewed the pre-sentence investigation (PSI) report and a psychosexual evaluation report. At the sentencing hearing, appellant argued that a downward dispositional departure is appropriate because "[h]e has no priors of this nature in his life," "denial and not being motivated for treatment really are not predictive of recidivism," "sending people to prison may increase the risk they reoffend rather than lower it," and he "has the right to maintain his innocence." In addition, appellant made a personal statement. The district court then denied the request for a downward dispositional departure, explaining that it did not find substantial and compelling reasons that would permit a departure. The record as a whole indicates that the district court "deliberately considered" the relevant factors and properly exercised its discretion when it denied appellant's motion. *See Mendoza*, 638 N.W.2d at 483. No more was required of the district court. *See Johnson*, 831 N.W.2d at 925.

Appellant argues that substantial and compelling circumstances existed based on additional mitigating factors. But appellant did not argue these mitigating factors to the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that an appellate court will not consider matters not argued to and considered by the district court).

Appellant also argues that "the PSI and psychosexual evaluation that the [district] court relied upon were riddled with errors and their conclusions were suspect given the language and cultural barriers encountered by the examiners." But the sentencing hearing was continued to allow appellant the opportunity to have a new psychosexual

evaluation completed.  When the evaluator came to the jail to perform a new assessment, appellant refused to talk to the evaluator or to participate in the assessment.

In sum, the district court properly exercised its discretion by denying appellant's motion for a downward dispositional departure.

Appellant also filed a pro se brief.  However, he did not provide any legal arguments for us to evaluate or consider.  Therefore, we do not consider these arguments. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006), *aff'd*, 728 N.W.2d 243 (Minn. 2007) ("An assignment of error in a brief based on mere assertion and not supported by argument or authority [need not be considered] unless prejudicial error is so obvious on mere inspection.") (quotation omitted)).

**Affirmed.**